# STATE OF MICHIGAN

# COURT OF APPEALS

PENELOPE N. BAILER,

   Plaintiff-Appellee,

v

DETROIT CITY CLERK, and WAYNE
COUNTY ELECTION COMMISSION,

   Defendants-Appellees,

and

ROBERT DAVIS and DESMOND M. WHITE,

   Appellants.

UNPUBLISHED
September 21, 2016

No. 334823
Wayne Circuit Court
LC No. 16-011797-AW

Before: MURRAY, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

  Appellants appeal the September 16, 2016 order of the circuit court granting plaintiff's motion for mandamus. We granted proposed appellants' motion for immediate consideration and motion to expedite the appeal. *Bailer v Wayne County Election Comm*, unpublished order of the Court of Appeals, entered September 19, 2016 (Docket No. 334823).[1] For the reasons that follow, we dismiss the appeal.

  Initially, we conclude that this Court lacks jurisdiction over appellants' appeal. It is well-settled that we only have jurisdiction to hear appeals from orders, whether they be final orders for purposed of an appeal of right, or interlocutory for purposes of an application for leave to appeal. See, generally, MCR 7.203(A) & (B); *Chen v Wayne State University*, 284 Mich App 172, 192-193; 771 NW2d 820 (2009). Appealable orders, of course, are the written variety, not simply oral rulings made by the court from the bench. *City of Sterling Heights v Chrysler Group LLC*, 309 Mich App 676, 682; 873 NW2d 342 (2015). Here, appellants filed a motion to

---

[1] We thank counsel for diligently complying with the short briefing schedule.

-1-

intervene in the trial court, but the trial court did not decide it. Consequently, there is no order affecting appellants' rights to participate in this case which they can appeal. Instead of filing a claim of appeal from an order to which they are not a party, appellants should have sought an order from the trial court, or a writ of superintending control from this Court.[2] See MCR 7.203(C)(1).

Further, appellants are also not aggrieved parties under the trial court's final order. MCR 7.203(A). Similar to the situation faced by the Supreme Court in *Federated Ins Co v Oakland County Rd Comm*, 475 Mich 286; 715 NW2d 846 (2006), appellants are attempting to appeal a final order when they were not part of the case in the trial court and neither party to the trial court proceedings has appealed. In that situation, the Supreme Court held that the Attorney General could not appeal from the Court of Appeals decision because he was not an aggrieved party. *Federated Ins Co*, 475 Mich at 291-293. The Court also concluded that, once the time to appeal has expired and no party has appealed, there is no longer a justiciable controversy. *Id*. at 294. Here too, although the time to appeal has not elapsed, the parties to the lower court proceedings have indicated to this Court that no appeals will be taken. Time would also suggest that no other appeals will be filed. For these reasons, appellants are not aggrieved parties under the final order of the trial court, and they have no standing to appeal that order. *Id*.

Finally, even if the trial court had decided and denied intervention, under the facts presented it would not have been an abuse of discretion. *Vestevich v West Bloomfield Twp*, 245 Mich App 759, 761; 630 NW2d 646 (2001). The parties to the trial court proceedings, as well as before this Court, have shown that the interests of appellants were more than adequately represented. MCR 2.209(A). As such, and because time was of the essence in resolving this dispute, the trial court would have been well within its discretion in denying the motion to intervene.

Appellants' appeal is dismissed.[3]

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan

---

[2] Appellants recognized in their claim of appeal that this was a valid remedy.

[3] We do not consider the proposed exhibit submitted on September 20, 2016, as the document was created after the trial court's decision, and therefore could not have been submitted to the trial court before its decision. *Peña v Ingham Co Road Comm*, 255 Mich App 299, 313 n 4; 660 NW2d 351 (2003).